UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MANAGAN JOHNSON and JOHNSON LAW,<br><br>Plaintiffs,<br><br>v.<br><br>TERRY GREENE,<br><br>Defendants. | Case No. 1:24-cv-00316-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are three motions filed by plaintiffs, who are appearing *pro se* in this action: (1) a motion for permission to e-file documents; (2) a motion to impose costs of service; and (3) a motion to conduct a scheduling conference. *See* Dkts. 3, 9, 10. The Court will grant the first two motions. The third is moot, as the Court is planning to conduct a scheduling conference on November 18, 2024. *See Litigation Order & Notice of Telephonic Scheduling Conference*, Dkt. 11.

## BACKGROUND

This lawsuit arises out of a negative google review Defendant Terry Greene allegedly posted about the plaintiffs. Plaintiff Managan Johnson is an attorney and the sole proprietor of Johnson Law. Ms. Johnson and Johnson Law allege that Mr.

Greene's google review was defamatory because it communicated that plaintiffs "are essentially thieves, liars, and racist . . . ." *Cmplt.*, Dkt. 1, ¶ 17. After filing suit, plaintiffs (1) sought permission to e-file documents with the Court, and (2) asked the Court to award them $70 in costs of service.

## ANALYSIS

### A.    Motion for Permission to e-File

The Court's Electronic Case Filing Procedures grant the Court discretion to approve requests by persons appearing *pro se* to use a PACER account to access CM/ECF and to file documents electronically. *See ECF Procedures* §§ 2(H), 3(A)(4).[1] The Court will grant plaintiffs' request and directed them to follow all applicable procedures. The Court will also note that the permission granted to Plaintiff Johnson Law is premised on the assumption that Johnson Law is a sole proprietorship (as suggested by the allegations in the complaint) and not a corporation or LLC. Corporations and LLCs cannot represent themselves in court *pro se*, but courts have held that sole proprietors can. *See, e.g., RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 (4th Cir. 2007) (citing with approval

---

[1] The Court's ECF Procedures may be found here: https://www.id.uscourts.gov/district/ecf/ECF_Registration_Process.cfm. (*See Step 3*, with links to District Local Rule 5.1 and the District's ECF Procedure).

the Second Circuit's holding that "a sole proprietorship has no legal existence apart from its owner, and that an individual owner may represent his sole proprietorship in a *pro se* capacity" (*citing Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007))). *But see Omega Consulting v. Farrington Manuf. Co.,* 604 F. Supp. 2d 684 (S.D.N.Y. 2009) (holding that a sole proprietorship is not authorized to appear *pro se* and *sua sponte* dismissing action). The Court will discuss this issue at the upcoming scheduling conference. If Johnson Law is an LLC or a corporation, the Court will revoke this permission and, further, require Johnson Law to be represented by counsel.

B.  **Motion for Costs**

Next up is plaintiffs' motion to impose costs of service on the defendant. Plaintiffs filed their complaint on July 5, 2024 and followed up by mailing a copy of the complaint to Defendant Terry Greene. Thereafter, plaintiffs indicate that Mr. Greene's insurer informed them that Mr. Greene would not waive service. *See Motion,* Dkt. 9, ¶ 6.[2] Plaintiffs were thus forced to use a process server, incurring $70 in costs. *See Ex. F to Motion*.

---

[2] Paragraph 6 of the motion states: "On August 7, 2024, Plaintiffs were informed by Defendant's insurer, 'I spoke to my insured. He is aware that if you prevail in court you could be awarded that fee. Our insured is not waiving service. *Exhibit B*.' *Motion,* Dkt. 9, ¶ 6 (emphasis added). Despite the citation to an "Exhibit B" no such exhibit was attached. The Court will this was inadvertent. Further, the Court notes that defendant does not oppose this motion.

Individuals are subject to service pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and are therefore subject to the waiver-of-service requirements of Rule 4(d). Rule 4(d)(1) provides that individuals subject to service under 4(e) have "a duty to avoid unnecessary expenses of serving the summons." The rule goes on to lay out various rules relating to requesting a waiver of service. *See* Fed. R. Civ. P. 4(d)(1). Rule 4(d)(2) then provides as follows: "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses . . of any motion required to collect those service expenses" Fed. R. Civ. P. 4(d)(2). The rule, by its terms, is mandatory absent a showing of good cause. Defendant does not oppose this motion and has thus failed to show good cause for refusing to waive service. Accordingly, the Court will grant the motion and impose costs of service upon Greene. Plaintiffs also ask the Court to award any "filing fees" associated with filing this motion. There are no such fees, however. Accordingly, the costs imposed upon defendant will be limited to the $70.00 fee charged by the process server.

## ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion for Permission to e-File (Dkt. 3) is **GRANTED.**

MEMORANDUM DECISION AND ORDER - 4

2.	Plaintiffs' Motion to Impose Costs of Service (Dkt. 9) is **GRANTED.** Defendant is directed to pay plaintiffs $70 within 30 days of this order.

3.	Plaintiffs' Motion for Scheduling Conference (Dkt. 10) is **DEEMED MOOT.**

DATED: October 31, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5