UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MANAGAN JOHNSON and JOHNSON LAW, | Case No. 1:24-cv-00316-AKB |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION** |
| v. | |
| TERRY GREENE, | |
| Defendant. | |

Pending before the Court is Plaintiffs Managan Johnson and Johnson Law's (collectively Johnson) Motion for Reconsideration of the Court's Memorandum Decision and Order granting Defendant Terry Greene's summary judgment motion (Dkt. 30). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motions on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court denies Johnson's motion.

## I.   BACKGROUND

The Court incorporates by reference the factual and procedural background in its Memorandum Decision and Order (Dkt. 27). In that order, the Court granted summary judgment in favor of Greene against Johnson, concluding that Johnson did not submit evidence from which a jury could reasonably render a verdict in her favor (*id.* at 7–20).

**MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION – 1**

Johnson seeks reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, asserting that the Court's order is "contrary to the undisputed facts and applicable Idaho defamation law" (Dkt. 30 at 1; Dkt. 30-1 at 1). She argues the Court incorrectly erred in concluding that Greene lacked sufficient knowledge to comment on her legal services, improperly determined that Greene's statements did not accuse her of dishonesty or ethical misconduct, misapplied the public-concern analysis, and incorrectly found no triable issue regarding the falsity of Greene's statement that she "Charged 10K" with "no results" (*id.* at 3–7).

## II.     LEGAL STANDARD

A party may move for reconsideration of a summary judgment order under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989). Under Rule 59(e), a district court may grant relief to, among other reasons: (1) "correct manifest errors of law or fact upon which the judgment rests"; (2) "present newly discovered or previously unavailable evidence"; (3) "prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *see also Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

Relief under Rule 59(e) is an extraordinary remedy—absent highly unusual circumstances, a court should not grant a motion for reconsideration. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Notably, reconsideration motions are not intended to give parties a "second bite at the apple." *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009). The Court may deny a motion for reconsideration when it is used solely "as a means to reargue matters

MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION – 2

argued and disposed of." *Sackett v. EPA*, No. 08-cv-185, 2008 WL 11348471, at *2 (D. Idaho Oct. 9, 2008) (quoting *Davis v. Lukhard*, 106 F.R.D. 317, 318 (E.D. Va. 1984)).

## III.    DISCUSSION

The Court's task in resolving a Rule 59(e) motion is not to re-decide summary judgment or to reassess the evidence anew but to determine whether its prior ruling was clear error. Johnson does not identify any newly discovered evidence or an intervening change in controlling law. Instead, she reasserts arguments previously raised and rejected at summary judgment. The Court therefore only briefly explains why its earlier conclusion was not clearly erroneous.

### A.    Court's Determination that Greene's Statements Are Not Defamatory

Johnson's first three arguments challenge the Court's prior determination that Greene's statements were not defamatory per se as a matter of law (Dkt. 30-1 at 3–5). These arguments largely mirror the positions she advanced at summary judgment.

First, Johnson contends that Greene lacked sufficient knowledge to provide factual or opinion statements about her legal work because he was never formally her client (*id.* at 3). She claims that his review of her legal services are "of no value to anyone" and implies that non-customers and/or non-clients are not allowed to leave reviews of products and/or services they did not use or receive (*id.* at 3–4). Greene responds that Johnson's position is untenable, arguing "[i]t cannot be the law that only those who retained her are permitted to hold an opinion about her conduct or services" (Dkt. 33 at 3). The Court agrees. Google Review does not require the reviewer to be actual clients. As one court noted, "Google's policy states that 'content should reflect [the poster's] genuine experience at the location and should not be posted just to manipulate a place's ratings.'" *Gursten v. Doe 1*, No. 352225, 2021 WL 1056081, at *4 (Mich. Ct. App. Mar. 18, 2021). There can be no doubt that Greene had knowledge about Johnson's legal services. Regardless of whether he had an attorney-client relationship with Johnson, Greene directly interacted with

MEMORANDUM DECISION AND ORDER RE MOTION FOR RECONSIDERATION – 3

Johnson in connection to Maggie Xu's case; communicated about the work being performed; and personally contributed the funds used to pay Johnson's fees (Dkt. 33 at 3). As Greene correctly points out, because he was involved at every stage and Johnson accepted his payment, she cannot now claim that he is not permitted to express an opinion about her professionalism and the quality of services she provided (*id.* at 4). The Court therefore declines to reconsider its holding that Greene's statements were his subjective opinion.

Second, Johnson again argues that Greene accused her of a "serious ethical breach" by alleging that she accepted $10,000.00 in exchange for "nothing" and implying that she had "somehow treated a 'minority' differently" (Dkt. 30-1 at 4–5). But Johnson already made this argument in her motion for summary judgment (Dkt. 19-3 at 15–18). As the Court previously explained, Greene never used the terms "steal," "thief," "rob," or "fraud," "race," "racist," or "bias," nor does he say Johnson discriminated against him or Maggie (Dkt. 27 at 9–10). Because a reasonable reader could interpret "charged over 10K no results" and "nothing but bills" as dissatisfaction that paying a divorce attorney did not result in a divorce, the statements were not clearly and unambiguously defamation per se (*id.* at 9). Likewise, Greene's remark about "do[ing] the right thing by a minority" could be interpreted as a more general statement than "racist" (*id.* at 10). Thus, Greene did not "plainly and unambiguously call[] Johnson a racist" (*id.*). Johnson has not presented any changes in controlling law, the existence of newly available evidence, nor demonstrated how the Court committed clear error. Accordingly, the Court does not disturb its prior ruling.

The Court also rejects Johnson's contention that Greene's use of the term "Lie-yawers" would be understood by a reasonable person of ordinary intelligence to be a combination of the words "lie" and "lawyers" and understood to be calling her and her firm liars and thus defamation

per se (Dkt. 30-1 at 5). Under Idaho law, the Court must first determine whether the alleged statements are "plain and unambiguous." *Sadid v. Vailas*, 943 F. Supp. 2d 1125, 1135 (D. Idaho 2013). Statements that are plain and unambiguous may be defamatory per se as a matter of law, while the defamatory nature of statements that are not plain and unambiguous is a question of fact for the jury. *Id.* In determining whether the statements are plain and unambiguous, the Court must consider the context in which the statements were made, the plain and natural meaning of the words used, and how the statements would be understood by a person of ordinary intelligence. *Gough v. Trib.-J. Co.*, 249 P.2d 192, 195 (Idaho 1952). In its prior ruling, the Court found the made-up word "Lie-yawers" ambiguous and without a definition, leaving the reader to assign it meaning (Dkt. 27 at 8). The Court concluded that because it was unclear as to whether Greene is referring to Johnson individually or commenting on the trope that all lawyers are untrustworthy, the Court could not say, as a matter of law, that the term unambiguously called Johnson a liar (*id.*). Because Johnson fails to assert how the Court committed clear error in its analysis, the Court finds no reason to reconsider its holding that Johnson did not meet her burden of showing Greene's "Lie-yawers" comment is unambiguously calling Johnson a liar (*id.*).

In summary, what Johnson perceives to be clear errors of law or fact is, in reality, a disagreement with the Court's conclusions and, as such, is not an appropriate basis for reconsideration.

**B.      Greene's Statements Involved a Matter of Public Concern**

Johnson next argues that Greene's statements did not involve a matter of public concern because Johnson's services related to Maggie's divorce, which she contends constitutes a matter of private concern (Dkt. 30-1 at 5–6). She further maintains that she is a private individual whose reputation deserves protection (*id.* at 6). Johnson misunderstands the Court's ruling.

The Court did not find that "Maggie's divorce" or Johnson's representation in that divorce was a matter of public concern. Rather, it found that Greene's Google Review addressed a matter of public concern "because it is a business review shared for the public's benefit" (Dkt. 27 at 13). Importantly, the Court rejected Johnson's argument that Greene's statements were not privileged because she is not a "public figure" and Maggie's divorce was not a "public issue," holding that Greene's speech "need not address a public figure to fall within this classification" (*id.* at 12–13).

Finally, Johnson's motion identifies no intervening change in controlling law, newly discovered evidence, or authority the Court overlooked. Nor does she show that the Court failed to consider her arguments raised at summary judgment. Instead, the motion reiterates the same contentions regarding the private nature of the underlying dispute and the reputational interests at stake and asks the Court to reweigh those considerations and reach a different result (Dkt. 30-1 at 5–6). That does not constitute clear error warranting reconsideration under Rule 59(e).

## C.    Court's Finding of No Triable Issue on Falsity

Johnson argues that the Court erred in finding that she did not meet "her burden of showing triable factual issues regarding the falsity of 'Charged 10K' with 'no results'" (Dkt. 30-1 at 6–7) (quoting Dkt. 27 at 16). Johnson maintains that she did several hours of work and filed into the record copies of all of the public record pleadings and filings created on behalf of Maggie in her divorce case (*id.* at 7) (citing Dkt. 19-14). Greene responds that the issue is not whether Johnson performed discrete legal tasks, but whether Greene's review was capable of being proven true or false (Dkt. 33 at 7).

The Court agrees with Greene. Greene moved for summary judgment on the basis that his statements regarding Johnson's fees and performance were "substantially true," and his statements regarding Johnson were his "subjective opinion" and thus protected under the First Amendment

(Dkt. 22-1 at 5, 10). In its summary judgment decision, the Court found that because Greene's statements addressed matters of public concern, the burden shifted to Johnson to prove their falsity (Dkt. 27 at 13). The Court explained that "Charged 10K," while imprecise, was not inherently untruthful given Maggie's payment of $9,106.33—which was given to her by Greene—to Johnson (*id.* at 15–16). The Court also noted that "no results" was an apparent reference to Greene's expectation that Johnson would not only represent Maggie in her divorce, but see that matter through (*id.* at 16). Thus, the statements did not concern whether Johnson completed discrete legal tasks. Accordingly, Johnson's public record pleadings and filings did not create a triable factual issue regarding whether "Charged 10K" with "no results" was reasonably capable of being proven true or false.

Because Johnson identifies no clear error, intervening change in law, or overlooked authority, reconsideration is not warranted.

## IV.    ORDER

1.    Plaintiffs Managan Johnson and Johnson Law's Motion for Reconsideration (Dkt. 30) is **DENIED**.

DATED: June 01, 2026

Amanda K. Brailsford
U.S. District Court Judge